103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James N. SWEATT, Plaintiff-Appellant,
v.
UNIVERSITY OF KENTUCKY; Paducah Community College; Leonard
F. O'Hara; Steve Patton; and John Carrico,
Defendants-Appellees,
Paducah Junior College; Paducah Junior College Board of
Trustees; Commonwealth of Kentucky; Jerry
Hinton; Jeffre Dreyer; and Jerry
Anderson, Defendants.
 No. 95-6234.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 According to his third amended complaint, plaintiff, James N. Sweatt, brought this action pursuant to 42 U.S.C. § 1983 against the University of Kentucky, Paducah Community College, Leonard F. O'Hara, Steve Patton, and John Carrico. O'Hara, Patton, and Carrico were sued in their individual, as opposed to their official capacities. The district court awarded summary judgment to all defendants.
 
 
 2
 In his letter brief submitted at the request of the court following oral argument, plaintiff concedes that dismissal of his claims against the University of Kentucky and Paducah Community College was proper, since the state is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Naming the University of Kentucky and Paducah Community College as defendants was tantamount to naming the State of Kentucky as defendant. Hutsell v. Sayre, 5 F.3d 996, 1002-03 (6th Cir.1993), cert. denied, 510 U.S. 1119 (1994).
 
 
 3
 However, plaintiff continues to maintain that the claims against the individual defendants should not have been dismissed. In essence, plaintiff alleged that these defendants violated his First Amendment rights to freedom of association, expression, and travel by terminating him from his job and barring him from campus.
 
 
 4
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the individual defendants.
 
 
 5
 Because the reasoning which supports judgment for these defendants has been articulated by the district court, the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose.
 
 
 6
 Accordingly, the judgment of the district court granting dismissal of plaintiff's claims against all defendants is affirmed upon the reasoning employed by that court in its Memorandum Opinion of August 24, 1995.